UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,   No. 1:19-CR-285

        Plaintiff,

                                    Hon. Paul L. Maloney
v.                                      U.S. District Judge

DAVID LEE MORRIS, JR.,

        Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between David Lee Morris, Jr., and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>. The defendant agrees to plead guilty to the Indictment. The Indictment charges the defendant with possession with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).

2. <u>The Defendant Understands the Crime</u>. For the defendant to be guilty of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) as charged in the Indictment, the following must be true: on about November 7, 2019, in Kalamazoo County, in the Southern Division of the Western District of Michigan the defendant possessed with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance. The defendant is pleading guilty because the defendant is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty</u>. The statutory maximum sentence that

the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) is the following: life in prison, a lifetime period of supervised release, a fine of $10,000,000, and a mandatory special assessment of $100.   Defendant agrees to pay the special assessment at or before the time of sentencing unless defendant affirmatively demonstrates to the Court that defendant lacks the ability to pay.

4. <u>Mandatory Minimum Drug Sentence.</u>   Absent a determination by the Court that this case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) is not less than 10 years' imprisonment and a term of supervised release of not less than 5 years.

5. <u>Supervised Release Defined.</u>   Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements.   The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. <u>Factual Basis of Guilt.</u>   The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts, which need not be proven at the time of the plea or sentencing:

    a. On November 7, 2019, the Kalamazoo Valley Enforcement Team (KVET) executed a lawful search warrant at defendant's residence in Kalamazoo, Michigan.   The search warrant was obtained after law enforcement used a confidential informant to conduct earlier

2

controlled purchases of methamphetamine from the defendant at his residence in Kalamazoo, Michigan.

        b.        During the search of the defendant's residence on November 7, 2019, law enforcement seized methamphetamine, packaging material, and a digital scale. Lab results confirm that the amount of methamphetamine seized from the defendant's residence on November 7, 2019 was over 400 grams.

        c.        Defendant possessed the methamphetamine seized inside his residence on November 7, 2019 because he intended to distribute it. Defendant lost his manufacturing job before the search warrant was executed on November 7, 2019 and he intended to sell the seized methamphetamine to make up for lost income.

    7.    <u>Safety Valve</u>. The parties agree to the following:

        a.        The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in the Indictment;

        b.        The offense charged in the Indictment did not result in death or serious bodily injury to any person;

        c.        The defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in the Indictment and was not engaged in a continuing criminal enterprise; and

        d.        The defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

8. <u>No Further Agreement Regarding Guideline Factors</u>.   The parties agree that, aside from the stipulations set forth in paragraphs six and seven, the parties have no further agreement as to the applicable Sentencing Guidelines factors or the appropriate Guideline range. The defendant understands that neither the U.S. Probation Office nor the Court is bound by the stipulations in paragraphs six and seven and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.   Both the defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the U.S. Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence.   The defendant understands that if the Court finds facts or reaches conclusions different from those in the stipulations contained in this agreement, the defendant cannot, for that reason alone, withdraw his guilty plea.

9. <u>The U.S. Attorney's Office Agrees</u>:

   a. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines.   However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to § 3E1.1. Should the Court grant a two-level reduction as provided herin, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

   b. <u>Dismissal of Forfeiture Allegation</u>: The U.S. Attorney's Office will move to dismiss the forfeiture allegation from the Indictment at the time of sentencing.

4

    c. <u>Prison Placement</u>: The U.S. Attorney's Office will not object to a request by defendant that the Court recommend that defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

  10. <u>The Sentencing Guidelines</u>.  The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the defendant.  The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement.  The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

  11. <u>Waiver of Trial Rights</u>.  By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial.  At any trial, whether by jury or by the Court, the defendant would have had the following rights:

  a.  The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

  b.  The right to be presumed innocent and to have the burden of proof placed on the Government to prove the defendant guilty beyond a reasonable doubt.

  c.  The right to confront and cross-examine witnesses against the defendant.

  d.  The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charge, including the right to call witnesses and to subpoena those witnesses to testify.

  e.  The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

  f.  By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12.  <u>Waiver of Certain Rights to Appeal or Collaterally Attack Conviction and Sentence.</u>

  a.  <u>Waiver.</u> In exchange for the promises made by the Government in entering this plea agreement, the defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

  b.  <u>Exceptions.</u> The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

    i. the defendant's sentence exceeded the statutory maximum;

    ii. the defendant's sentence was based on an unconstitutional factor, such

        as race, religion, national origin, or gender;

   iii. the Court incorrectly determined the Sentencing Guidelines range, if defendant objected at sentencing on that basis;

   iv. the Court sentenced the defendant above the applicable Sentencing Guidelines range, if defendant objected at sentencing on that basis;

   v. the guilty plea was involuntary or unknowing;

   vi. an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

If defendant appeals or seeks collateral relief, defendant may not present any issue in the proceeding other than those described in this subparagraph.

13. <u>FOIA Requests</u>.   Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. <u>The Court is not a Party to this Agreement</u>.   The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.   The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement.   The defendant understands that no one – not the prosecutor, the defendant's

attorney, or the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory range.

15. **This Agreement is Limited to the Parties**.   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.   This agreement applies only to crimes committed by the defendant.   This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16. **Consequences of Breach**.   If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement.   In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.   In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.   The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

ANDREW BYERLY BIRGE
United States Attorney

8/11/2020
Date

JOEL S. FAUSON
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

8/10/20
Date

DAVID LEE MORRIS, JR.
Defendant

I am David Lee Morris, Jr.'s attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8/10/2020
Date

SANFORD SCHULMAN
Attorney for Defendant
Stefanie Lambert Junttila

9